23-917
*Parent v. O'Malley*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty-four.

PRESENT:

> RICHARD J. SULLIVAN,
> ALISON J. NATHAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

WAYNE PARENT,

> *Plaintiff-Appellant,*

> v.                                                                   No. 23-917

MARTIN O'MALLEY, Commissioner of
Social Security,

> *Defendant-Appellee.*[*]

_____

_____

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Plaintiff-Appellant:**     MARK SCHNEIDER, Plattsburgh, NY.

**For Defendant-Appellee:**     CHRISTOPHER HURD, Special Assistant United States Attorney (Charles J. Kawas, Acting Associate General Counsel, Social Security Administration, Baltimore, MD, *on the brief*), *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Andrew T. Baxter, *Magistrate Judge*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 12, 2023 judgment of the district court is **AFFIRMED**.

Wayne Parent appeals from a judgment affirming the denial of his application for disability benefits under section 1614(a)(3)(A) of the Social Security Act (the "Act"). The district court found that substantial evidence supported the decision of the administrative law judge (the "ALJ") that Parent was not disabled under the Act. Parent timely appealed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

---

[1] The parties consented to have the case heard by a magistrate judge pursuant to 28 U.S.C. § 636(c).

"When deciding an appeal from a denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *Kohler v. Astrue*, 546 F.3d 260, 264–65 (2d Cir. 2008) (internal quotation marks omitted). We therefore must "conduct a plenary review of the administrative record" to determine whether "the correct legal standards have been applied" and whether "there is substantial evidence, considering the record as a whole, to support the Commissioner's decision." *Id.* at 265 (internal quotation marks omitted). Under the substantial evidence standard, we can reject the ALJ's factual findings "only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks omitted).

On appeal, Parent raises three primary challenges to the ALJ's determination that his respiratory and mental impairments did not render him disabled under the Act. We address each challenge in turn.

## I. The Conflicting Medical Opinions

First, Parent argues that the ALJ failed to properly evaluate the medical opinion evidence when he gave controlling weight to the opinions of non-examining consultants, Dr. M. Marks and Dr. S. Hennessey, over the opinions of

3

Parent's examining consultants, Dr. Brett Hartman and nurse practitioner Jennifer Kanaly. According to Parent, the opinions of the latter two consultants were at least equally well supported and consistent with the record, and therefore the ALJ reversibly erred by failing to explain how he considered all five of the factors set forth in 20 C.F.R. § 404.1520c(c). We disagree.

For starters, section 404.1520c provides that the ALJ need not "give any specific evidentiary weight, including controlling weight, to any medical opinion[]." 20 C.F.R. § 404.1520c(a). And, contrary to Parent's assertions, the ALJ did not give controlling weight to the opinions of Dr. Marks and Dr. Hennessey. Instead, the ALJ separately evaluated the persuasiveness of each medical opinion, as required by section 404.1520c, *see id.* (requiring ALJs to explain their assessment of the two most important factors – supportability and consistency – of a medical source's opinion but not the other factors set forth in section 404.1520c), and properly found that the opinions of Dr. Marks and Dr. Hennessey were generally persuasive as each was based on Parent's file and was largely consistent with the medical evidence related to Parent's mental health issues.

Applying that same framework, the ALJ properly found that Kanaly's opinion was unpersuasive. As the ALJ explained, Kanaly's determination of extreme mental limitations was inconsistent with Parent's medical records, which described his condition as "significantly improved with continued therapy and medication management." Sp. App'x at 15. Parent's contention that the ALJ simply "cherry picked" notes to support his finding, Parent Br. at 32–33, and that the record instead reflects the "ups and downs" of mental illness, *id.* at 28, is belied by the record. Indeed, Kanaly consistently described Parent's mental impairments as either "relatively mild," Certified Admin. Record at 629, or "moderate," *id.* at 577, 582, and the only time she characterized Parent's mental impairments as "extreme," *id.* at 636, was shortly after he stopped taking olanzapine – a drug used to treat schizophrenia and bipolar disorder that Parent had been taking for years. On this record, we are not convinced that a reasonable factfinder would "have to conclude" that Kanaly's opinion was persuasive. *Brault*, 683 F.3d at 448.

The ALJ was equally justified in its evaluation of Dr. Hartman's medical opinion. As the ALJ explained, Dr. Hartman's opinion was not supported by his own clinical observations and was inconsistent with other evidence in the record.

5

Referencing Dr. Hartman's May 31, 2019 psychiatric evaluation report, the ALJ specifically noted the tension between Dr. Hartman's observation that Parent had "marked" difficulty in sustaining his concentration, Sp. App'x at 14, and his conclusion that Parent showed only "mildly impaired" attention and concentration, *id.* at 11; *see* Certified Admin. Record at 430–31. And while Parent insists that the results of his serial sevens test, a clinical test used to evaluate cognition, supported Dr. Hartman's opinion of marked impairment, he overlooks the fact that Dr. Hartman explicitly mentioned those test results in concluding that Parent's "attention and concentration" was only "mildly impaired." Certified Admin. Record at 430. Neither Dr. Hartman in his report nor Parent on appeal adequately explains how Dr. Hartman bridged the gap between "mildly impaired" and "marked." Based on this record, we simply cannot say that a reasonable factfinder would have to conclude that Dr. Hartman's opinion was persuasive.

In short, we see no error in the ALJ's evaluation of the medical opinion evidence.

## II.    The Mental Impairment Listings

Next, Parent insists that his mental impairments meet or equal the listings for 12.04 (depressive, bipolar, and related disorders), 12.06 (anxiety and obsessive-compulsive disorders), and 12.15 (post-traumatic stress disorder) of the Act.   But Parent's argument rises and falls on his contention that the ALJ improperly evaluated the medical opinions of Kanaly and Dr. Hartman.   Since, as we explained above, the ALJ justifiably concluded that Kanaly's and Dr. Hartman's opinions were unpersuasive, Parent's argument likewise fails.

## III.    The Residual Functional Capacity

Finally, Parent argues that the ALJ's Residual Functional Capacity ("RFC") findings relating to his mental and physical limitations were not supported by substantial evidence.   Again, we disagree.

Parent first contends that the ALJ erred by not properly accounting for his mental limitations in the RFC.   Specifically, Parent asserts that the ALJ failed to include "time off-task" and "time off work," Parent Br. at 36, and that his impairments would render him off task more than 10% of the time or cause him to miss over one day of work per month, which would preclude him from competitive employment.   But Parent fails to specify the basis for this assertion

in his brief, and to the extent it is premised on Kanaly's determination that he would be off task 25% or more of the time and miss thirty days of work per month, Certified Admin. Record at 637, that argument fails because the ALJ justifiably found Kanaly's opinion to be unpersuasive.[2]

Parent's challenge to the ALJ's finding that he could engage in limited work with supervisors and co-workers likewise fails. Indeed, both Dr. Marks and Dr. Hennessey concluded that Parent could handle occasional contact with co-workers and supervisors so long as he did not have to interact with the public. *See id.* at 77, 92.

Parent's final contention – that the ALJ overlooked Dr. Wassef's opinion that Parent should not be exposed to "secondhand smoke, perfumes, chemicals, or any type of respiratory irritants," *id.* at 437, in assessing his RFC and then listing jobs that Parent can perform – is also unpersuasive. First of all, Parent essentially

---

[2] In his reply, Parent asserts that the ALJ's findings of moderate mental limitations support the contention that he would be off task more than 10% of the time and miss more than one day of work per month. But Dr. Hennessey and Dr. Marks each concluded that Parent was capable of "understand[ing] and remember[ing] simple work routines" and "maintain[ing] adequate attention and concentration to perform simple work routines." Certified Admin. Record at 77, 92. Relying on those findings, the ALJ ultimately determined that Parent could work in "unskilled, low stress occupations, . . . consisting of simple, routine tasks and entailing no more than basic work-related decisions." Sp. App'x at 10. Given that the ALJ specifically accounted for Parent's moderate mental limitations before determining that he was capable of performing unskilled, low stress occupations, we cannot say that a reasonable factfinder would have to conclude otherwise.

presumes that the occupations identified by the ALJ would necessarily entail exposing Parent to concentrated levels of pulmonary irritants. But there is nothing in the record indicating that to be the case. Moreover, Parent's own testimony revealed that he had no difficulty performing daily chores even though he willingly exposed himself to pulmonary irritants by smoking a pack of cigarettes a day and regularly working on his roommate's vehicle. Based on this record, we cannot say that the ALJ erred in making his RFC determination or listing jobs that Parent can perform.

\* \* \*

We have considered Parent's remaining arguments and find them without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9